## RISHER *v.* THOMAS.

The Circuit Court have a right which is inherent, to make their own rules; but those rules, before they become obligatory, should have a reasonable publicity given to them.

IN ERROR from the Cape Girardeau Circuit Court.

TOMPKINS, J., delivered the opinion of the Court.

This cause was remanded from this Court, at the December term of the last year, (99) to the Circuit Court of Cape Girardeau county; and on the 31st day of May, 1828, the opinion of this Court, and its decision in this case, reversing the judgment of the Circuit Court were filed with the Clerk of the said Circuit Court; of which Risher had notice on the 18th day of June then next ensuing.  On the 28th day of August of the same year, this cause was tried in the Circuit Court, when judgment was again given for the plaintiff.  Before the trial the defendant moved for a continuance, alledging that his cause was docketed before others that had precedence of it; and that it had been till that time the practice of the Court, to try causes remanded from this Court, at the second term after they were filed.  Such appears to have been the practice of that Court.  But on the 30th day of June, 1828, the Judge of that Court had, between terms, made and filed with the Clerk of the Circuit Court of Cape Girardeau county, a rule, that when transcript *of records of this Court* shall be filed with the Clerks of the Circuit Courts, such cases shall stand for trial, &c., as other causes, after the defendant shall have had notice in writing, at least thirty days, of the filing of such transcript.  It does not appear that the plaintiff moved the Court to give to his cause its proper place on the docket.  He cannot then complain that his cause was called for trial before its turn on the docket.

The right of the Circuit Court to make its own rules is a right that is inherent; but those rules, like the rules or law prescribed by a legislative body, ought to have a reasonable publicity given to them before they become obligatory.  By the rule above mentioned, the practice of the Circuit Court had been materially changed, and this rule had been made in vacation, when it is not reasonable to suppose that either the plaintiff or his counsel could have known of its existence; it does not appear that either the one or the other had any knowledge of its existence.  Had the rule been adopted in term time, when the members of the bar might reasonably have been expected to attend, this Court would have thought that sufficient publicity had been given to it.  But as it was adopted in vacation, we are inclined to think it ought to have had no binding force till one term had elapsed after its adoption.

The judgment of the Circuit Court is, therefore, reversed, and this cause remanded for further proceedings.